UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAPONZO DALLAS,

    Petitioner,

v.    Case No. 05-C-1265

JUDY SMITH,

    Respondent.

## ORDER

Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2254 and seeks relief from state custody. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.

It appears petitioner's conviction, on March 21, 1996, pre-dated the enactment of the Antiterrorism and Effective Death Penalty Act, also known as AEDPA, which among other things created a one-year statute of limitations in which to file such petitions. 28 U.S.C. § 2244(d). But the fact that his conviction may have pre-dated AEDPA does not mean the petitioner can simply file a petition under § 2254 whenever he chooses–instead, inasmuch as it is applicable to the petitioner, courts have created "1-year grace period, running from the date of AEDPA's enactment [in 1996], for prisoners whose state convictions became final prior to AEDPA." *Duncan v. Walker,* 533 U.S.

167, 183 (2001). Even assuming the grace period applies, it is clear that petitioner's present action is barred by the one-year statute of limitations. While his post-conviction motions filed in the state courts would have suspended the statute of limitations while they were pending, his post-conviction actions do not suspend the period for most of the period between the expiration of the grace period in 1997 and the present. Indeed, the present petition appears untimely by several years, and there are no grounds presented for equitable tolling of that time period. Accordingly, the petition will be dismissed on that basis. It also appears that the relief petitioner seeks, namely, that the state be ordered to produce certain records, is not the sort of relief generally available under § 2254.

The petitioner has also filed a motion to proceed in forma pauperis. That motion is granted, however, the petition is DISMISSED.

**SO ORDERED**.

Dated this   12th   day of December, 2005.

                                                     s/ William C. Griesbach
                                                     William C. Griesbach
                                                     United States District Judge