UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAPONZO DALLAS,
        Petitioner,

v.                                 Case No. 05-C-1265

JUDY SMITH,
        Respondent.

**ORDER**

On January 3, 2006, habeas petitioner Dallas filed a notice of appeal of my dismissal of his case. Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a certificate of appealability, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. *See also Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Dallas has not met that showing here. In my Rule 4 order dismissing his case, I noted that his petition was untimely by several years. Accordingly, he has not shown any issue upon which reasonable jurists could disagree, *Slack,* 529 U.S. at 484, and the COA will therefore be denied.

Petitioner was granted *in forma pauperis* status in this action, although he has not requested that status in his appeal. Based on the above discussion, however, I conclude that his appeal is not

taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, the petition was completely devoid of merit and petitioner was told so. Petitioner provides me with no reason to alter my assessment of the petition. Thus, pursuant to 28 U.S.C. §1915(a)(3) the court certifies that the appeal is not taken in good faith and determines that the party is not entitled to proceed in forma pauperis on appeal.

The plaintiff incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee*, 209 F.3d at 1026-27. The fact that I am denying the request to proceed in forma pauperis on appeal means that the full filing fee of $255 is due within fourteen days of this order. Seventh Circuit Rule 3(b). Failure to pay in full within the time limit may result in dismissal. *Id.* Petitioner is cautioned that this payment must be made to the clerk of the *district* court for the Eastern District of Wisconsin; the clerk of the district court receives the appellate fee on behalf of the court of appeals. Fed. R. App. P. 3(e).

**THEREFORE, IT IS ORDERED** that a certificate of appealability is **DENIED**.

I further certify that the appeal has not been taken in good faith.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI

2

53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this  4th  day of January, 2006.

>                                         s/ William C. Griesbach
>                                         William C. Griesbach
>                                         United States District Judge